# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK R. BENNETT, | ) |
|     Petitioner, | ) Civil Action No. 10 - 121J |
| v. | ) District Judge Kim R. Gibson |
| | ) Magistrate Judge Lisa Pupo Lenihan |
| WARDEN ROBERT WERLINGER, | ) |
|     Respondent. | ) |

**MEMORANDUM OPINION AND ORDER**

Petitioner, Patrick R. Bennett, is a federal prisoner who has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, in which he alleges that his request for a transfer to the United States Penitentiary (USP) Canaan, Pennsylvania, which is closer to his release residence and family, was denied pursuant to an unlawful and/or invalid Program Statement. For the reasons set forth below, the Petition should be dismissed as this Court is without subject matter jurisdiction to review his claims in this action.

A. <u>Undisputed Relevant Factual and Procedural History</u>

The record evidence, which Petitioner does not dispute, reflects the following facts. On June 23, 2000, Petitioner was sentenced in the United States District Court for the Southern District of New York to a 22 year term of imprisonment followed by a three year term of supervised release. The sentencing court recommended that Petitioner be incarcerated at a facility in the New York or Connecticut area. On July 25, 2000, Petitioner was designated to FCI Otisville, New York. On June 21, 2004, he was approved for a lesser security transfer from FCI Otisville to FCI Loretto. On July 29, 2004, he was transferred to FCI Loretto. On September 24, 2009, he was approved for a lesser security transfer from FCI Loretto to the satellite prison camp at FCI Loretto. On September 25,

2009, he was designated to the satellite prison camp at FCI Loretto. On January 5, 2010, Petitioner's request for a nearer-release transfer (Code 313) was denied by the BOP Designations and Sentence Computation Center (DSCC). On or after April 12, 2010, Petitioner submitted an Informal Resolution form to his Unit Team in which he challenged the DSCC's denial of his request for a transfer to the satellite prison camp at the USP Canaan, Pennsylvania. He complained that the decision of the DSCC was arbitrary and capricious and an abuse of discretion. In a handwritten response dated April 30, 2010, Petitioner's Unit Team advised him that the DSCC denied his request pursuant to Program Statement 5100.08, Chapter 7, page 4, because he was incarcerated at an institution within 500 miles of his release residence.

On May 4, 2010, Petitioner filed a Request for Administrative Remedy No. 588441-F1 with the Warden at FCI Loretto, in which he requested a nearer release transfer. On May 18, 2010, Petitioner withdrew his Request for Administrative Remedy Request stating that the issue raised had been resolved. According to Petitioner's Unit Team at FCI Loretto, he agreed to withdraw his Request for Administrative Remedy in exchange for his Unit Team's agreement to re-submit his transfer request to the DSCC. On June 22, 2010, the DSCC denied Petitioner's request for a nearer release transfer noting that he currently was incarcerated at an institution that was less than 500 miles from his release residence.

B. <u>Habeas Corpus Jurisdiction</u>

Petitioner's allegation does not assert a habeas challenge and, hence, cannot be entertained in this matter. The Court of Appeals for the Third Circuit explained the distinction between the availability of civil rights relief and the availability of habeas relief as follows:

> [W]henever the challenge ultimately attacks the "core of habeas"- the

> validity of the continued conviction or the fact or length of the sentence-a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir.2002). Therefore, a prisoner is entitled to a writ of habeas corpus only if he "seek[s] to invalidate the duration of [his] confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the [government's] custody." *See* Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). In contrast, if a judgment in the prisoner's favor would not affect the fact or duration of the prisoner's incarceration, habeas relief is unavailable and a civil complaint is the appropriate form of remedy. *See, e.g.*, Ganim v. Federal Bureau of Prisons, 235 Fed. App'x 882 (3d Cir. 2007) (holding that district court lacks jurisdiction under § 2241 to entertain prisoner's challenge to his transfer between federal prisons); Burnam v. Marberry, 313 Fed. App'x 455, 456, n.2 (3d Cir. 2009) (noting that a federal prisoner's challenge to a security classification does not fall within the jurisdictional ambit of 2241); Bronson v. Demming, 56 Fed. App'x 551, 553-54 (3d Cir. 2002) (holding that habeas relief was unavailable to inmate seeking release from disciplinary segregation to general population, and district court properly dismissed habeas petition without prejudice to any right to assert claims in properly filed civil rights complaint).

In Ganim v. Federal Bureau of Prisons, 235 Fed. App'x 882, the Court of Appeals for the Third Circuit addressed challenges virtually identical to those raised by Petitioner in this action. In Ganim, the petitioner requested to be transferred to a suitable FCI camp, which was closer to his home. In support of his application, the petitioner attached letters from his spouse and various other

3

relatives asserting that traveling to his place of confinement burdened their lifestyles and budget. After his request was denied due to his release residence being within 500 miles, Ganim challenged the decision in a petition pursuant to 28 U.S.C. § 2241. In his petition, Ganim argued that: 1) the 500 mile rule that the prison official relied on did not apply to transfers between institutions of the same security level for closer-to-home purposes; 2) the 500 mile rule was an invalid "blanket rule" because it does not allow the Bureau of Prisons ("BOP") to consider an inmate's particular circumstances and the factors explicitly stated in 18 U.S.C. § 3621(b); and 3) the BOP must comply with its own program statement and <u>Woodall v. Fed. Bureau of Prisons</u>, 432 F.3d 235 (3d Cir. 2005), and consider the sentencing judge's recommendation, and the history and characteristics of the prisoner, when evaluating a request for a transfer. He also raised a due process claim by alleging a protected liberty interest in the proper application of the BOP's rules and regulations. The District Court denied Ganim's petition concluding that Ganim had not exhausted his administrative remedies, and alternatively determined that Ganim's claims were without merit. *See* <u>Ganim v. Fed. Bureau of Prisons</u>, Civil No. 06-2957, 2006 WL 2224348 (D.N.J. July 31, 2006). Ganim appealed this determination.

In its review, the Court of Appeals for the Third Circuit determined that the district court erred by dismissing the petition on the merits. In so concluding, the Court of Appeals observed as follows.

> We must first determine if Ganim could proceed under 28 U.S.C. § 2241. The language of § 2241, as well as the common-law history of the writ of habeas corpus, define the essential purpose of the writ-to allow a person in custody to attack the legality of that custody. *See* <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973). However, a federal prisoner may challenge the execution of his sentence in a petition pursuant to § 2241. *See* <u>Coady v. Vaughn</u>, 251

4

F.3d 480, 485 (3d Cir. 2001).

"[T]he precise meaning of 'execution of a sentence' [remains] hazy." Woodall, 432 F.3d at 242. In Woodall, considering rulings from the Courts of Appeals of the Second, Sixth, Ninth, and Tenth Circuits, and the plain meaning of the term "execution" (to put into effect or carry out), we allowed a § 2241 challenge to regulations that limited a prisoner's placement in a community correction center (CCC). *See id*. at 243. We noted that "[c]arrying out a sentence through detention in a CCC is very different from carrying out a sentence in an ordinary penal institution." *Id*. Specifically, in finding Woodall's action properly brought pursuant to § 2241, we determined that "placement in a CCC represents more than a simple transfer." *Id*. We stated that "Woodall's petition crosse[d] the line beyond a challenge to, for example, a garden variety prison transfer." *Id*.

Ganim who challenges a decision not to transfer him from federal prison in New Jersey to a similar facility in New York, does not cross the line that Woodall crossed. Ganim presents a challenge to a decision relating to a simple or garden variety transfer. The cases we cited approvingly in Woodall were not challenges to routine transfers. . . .

. . .

We find further support for our distinction of Ganim's case from Woodall's in Pischke v. Litscher, 178 F.3d 497 (7th Cir. 1999). In Pischke, the court held that "habeas corpus cannot be used to challenge a transfer between prisons ... unless the custody in which the transferred prisoner will find himself when transferred is so much more restrictive than his former custody that the transfer can fairly be said to have brought about ... 'a quantum change in the level of custody.' " *Id*. (citations omitted). While we did not look for a quantum change in Woodall, in that case, we noted many distinctions between a traditional correctional facility and a CCC when we considered the two types of confinement. *See* 432 F.3d at 243 (noting that at CCCs, unlike in prison, inmates may be eligible for short-term releases for daily work in the community, overnight and weekend passes, and longer furloughs). We do not find such distinctions here between a federal prison in New Jersey and a federal prison in New York, both of which have the same security level.

For the reasons stated above, we conclude that Ganim's claims

5

> were not properly brought pursuant to § 2241. Accordingly, the
> District Court was without jurisdiction to consider Ganim's petition.
> We will therefore vacate the District Court's order denying Ganim's
> petition. On remand, the District Court is instructed to dismiss
> Ganim's petition for lack of jurisdiction.

Ganim, 235 Fed. App'x at 882-84.

This court must follow the directive of the Court of Appeals for the Third Circuit and hold that this Petitioner's challenge of the denial of his request for transfer to another facility located closer to his family home is subject to dismissal for lack of jurisdiction.[1] *Accord* Newbold v. Stansberry, Civil No. 08-1266, 2009 WL 86740 (E.D. Va. Jan. 12, 2009) (holding that a habeas corpus petition could not be brought based upon BOP's refusal to approve a transfer that had been denied based on a rule that such transfers would not be allowed if a prisoner was already incarcerated within 500 miles of his or her family)

### C. Mandamus Relief

Petitioner also has filed a Petition for Writ of Mandamus seeking an order from this Court compelling the BOP to transfer him to another prison. The writ of mandamus is an ancient form of

---

[1]. Moreover, the Court will not, *sua sponte*, re-characterize this pleading as a civil rights complaint. Unlike habeas actions, civil rights cases require a 350.00 filing fee, either as a prepayment or a series of installment payments. *See* 28 U.S.C. § 1915. The filing fee for a habeas petition is $5.00, and inmates filing a habeas petition who are granted *in forma pauperis* status do not have to pay the filing fee. Inmates filing a civil rights complaint who proceed *in forma pauperis* are required to pay the entire filing fee in monthly installments which are deducted from the prison account. In addition, if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action in forma pauperis unless he or she is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). Because of these differences, courts do not re-characterize, *sua sponte*, a habeas pleading as a civil rights complaint. *Accord* Jackson v. Zickefoose, Civil No. 10-3150, 2010 WL 5288475 (D.N.J. Dec. 15, 2010).

common law judicial relief, a request for a court order compelling a public official to perform some legally-mandated duty. The power of federal courts to issue writs of mandamus is now defined in 28 U.S.C. § 1361, which provides as follows.

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361.

Writs of mandamus compelling government officials to take specific actions are extraordinary forms of relief that must comply with demanding legal standards. Thus, it is well-settled that the writ is a drastic remedy that is seldom issued and its use is discouraged. In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (quoting Lusardi v. Lechner, 855 F.2d 1062, 1069 (3d Cir. 1988)). There are two prerequisites to issuing a writ of mandamus. First, a petitioner must show that he has no other adequate means to attain his desired relief. Second, a petitioner must show that his right to the writ is clear and indisputable. Hinkel v. England, 349 F.3d 162, 164 (3d Cir. 2003). Mandamus is an extraordinary remedy that can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt.' Harmon Cove Condominium Ass'n, Inc. v. Marsh, 815 F.2d 949, 951 (3d Cir. 1987). It is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty. Heckler v. Ringer, 466 U.S. 602, 616 (1984); *see also* Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). Only exceptional circumstances amounting to a judicial usurpation of power will justify issuance of the writ. Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988). The party seeking mandamus has the burden

of showing that its right to issuance of the writ is clear and indisputable. *Id*. Where the action petitioner seeks to compel is discretionary, petitioner has no clear right to relief and mandamus is not appropriate.

In this case, Petitioner seeks to have this court direct that BOP transfer him to another prison. Petitioner is not entitled to the extraordinary remedy of a writ of mandamus because he has not shown that he has a clear right to be transferred to a different facility and that prison officials have a clear duty to transfer him. *See, e.g.*, Scott v. FNU New, 387 Fed. App'x 469, 470 (5th Cir. 2010) (holding that federal prisoner did not have any clear right to be transferred to another facility and prison officials had no clear duty to transfer him, and thus prisoner was not entitled to mandamus relief to secure his transfer); Beckley v. Miner, 125 Fed. App'x 385 (3d Cir. 2005) (denying mandamus request for prison transfer); Marquez-Ramos v. Reno, 69 F.3d 477 (10th Cir. 1995) (same); Davis v. Carlson, 837 F.2d 1318, 1319 (5th Cir. 1988) (holding that BOP has no duty to transfer prisoner closer to his wife's home); Moore v. United States Att'y Gen., 473 F.2d 1375, 1376 (5th Cir. 1973) (mandamus unavailable to a prisoner seeking transfer to a facility closer to his family because such a claim is not cognizable under federal law). Thus, his Petition for Writ of Mandamus will be denied. An appropriate order follows.

**ORDER**

**AND NOW**, this 3rd day of March, 2011;

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3

of the Federal Rules of Appellate Procedure.

                                                Lisa Pupo Lenihan
                                                United States Magistrate Judge

cc:      Patrick Bennett
           38551-054
           F.C.I. Loretto
           P.O. Box 1000
           Loretto, PA 15940