# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK R. BENNETT, | ) | |
| | ) | Civil Action No. 10 - 121J |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| WARDEN ROBERT WERLINGER, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

On May 6, 2010, Petitioner, Patrick R. Bennett, a federal prisoner, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, in which he alleged that his request for a transfer to the United States Penitentiary (USP) Canaan, Pennsylvania was denied pursuant to an unlawful and/or invalid Program Statement. On January 10, 2011, Petitioner filed a Petition for Writ of Mandamus (ECF No. 13), which the Court construed as seeking an order compelling the BOP to transfer him to another prison. On March 3, 2011, this Court issued a Memorandum and Order dismissing the habeas corpus petition for lack of subject mater jurisdiction and denying the Petition for Mandamus (ECF No. 18).

On March 14, 2011, Petitioner filed a Motion to Alter or Amend the Court's March 3, 2011 Opinion and Order (ECF No. 19). In his motion, Petitioner asserts that the Court misconstrued the relief he requested in his Petition for Mandamus. Specifically, he denies that he requested a transfer from the satellite prison camp at FCI Loretto to the satellite prison camp at the United States Penitentiary USP Canaan, Pennsylvania. Instead, he states that he filed a Petition for Writ of Mandamus requesting a court order directing the Bureau of Prisons (BOP) to resubmit his institutional classification which recommended his transfer to the satellite prison camp at USP

Canaan, and for the BOP's Designation and Sentence Computation Center (DSCC) to consider the resubmitted transfer recommendation in good faith.

Plaintiff is seeking relief pursuant to Fed. R. Civ. Proc. 599(e). The purpose of a motion to alter or amend a judgment under Rule 59 is to correct manifest errors of law or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Generally, a motion for reconsideration will only be granted on one of the following three grounds: 1) there has been an intervening change in controlling law; 2) new evidence, which was not previously available, has become available; or 3) it is necessary to correct a clear error of law or to prevent manifest injustice. Blue Mountain Mushroom Co., Inc. v. Monterey Mushroom, Inc. 246 F.Supp.2d 394, 398 (E.D. Pa. 2002). For the reasons set forth, Plaintiff has failed to demonstrate that he is entitled to relief.

A. Undisputed Relevant Factual and Procedural History

The record evidence reflects the following facts. On June 23, 2000, Petitioner was sentenced in the United States District Court for the Southern District of New York to a 22 year term of imprisonment followed by a three year term of supervised release. The sentencing court recommended that Petitioner be incarcerated at a facility in the New York or Connecticut area. On July 25, 2000, Petitioner was designated to FCI Otisville, New York.

On June 21, 2004, Petitioner was granted a Code 308 transfer from FCI Otisville to FCI Loretto.[1] On July 29, 2004, he was transferred to FCI Loretto. On September 24, 2009, he was approved for a lesser security transfer from FCI Loretto to the satellite prison camp at FCI Loretto.

---

[1] Under BOP policy, a Code 308 transfer is a transfer to an institution with less security. Code 308 transfers are commonly referred to as "lesser security transfers."

On September 25, 2009, he was designated to the satellite prison camp at FCI Loretto.

On January 5, 2010, Petitioner's request for a nearer-release transfer (Code 313)[2] was denied. On or after April 12, 2010, Petitioner submitted an Informal Resolution form to his Unit Team in which he challenged the denial of his request for a transfer to the satellite prison camp at the USP Canaan, Pennsylvania. He complained that the decision was arbitrary and capricious and an abuse of discretion. In a handwritten response dated April 30, 2010, Petitioner's Unit Team advised him that his request was denied pursuant to Program Statement 5100.08, Chapter 7, page 4, because he was incarcerated at an institution within 500 miles of his release residence.

On May 4, 2010, Petitioner filed a Request for Administrative Remedy No. 588441-F1 with the Warden at FCI Loretto, in which he requested a nearer release transfer. On May 18, 2010, Petitioner withdrew his Request for Administrative Remedy Request stating that the issue raised had been resolved. According to Petitioner's Unit Team at FCI Loretto, he agreed to withdraw his Request for Administrative Remedy in exchange for his Unit Team's agreement to re-submit his transfer request to the DSCC. On June 22, 2010, the DSCC denied Petitioner's request for a nearer release transfer noting that he currently was incarcerated at an institution that was less than 500 miles from his release residence.

Petitioner sought administrative review of this decision complaining that his initial transfer from FCI-Loretto to FPC-Loretto [Camp] was based on a flagrant and willful abuse of discretion in violation of controlling law and BOP policy Statements (ECF No. 20-1, p. 6). On August 18, 2010, he received the following response from the Warden.

---

[2] Under Bureau of Prisons Policy, a Code 313 transfer is a transfer to a penal institution closer to an inmate's release destination. Code 313 transfers are commonly referred to as "nearer release transfers."

> A review of the documentation in this case indicates that you have been previously submitted for transfer to FPC Canaan in order to be nearer your family. Program Statement 5100.08 "Inmate Security Designation and Custody Classification" dated September 12, 2006, states that "Once the inmate has been transferred within 500 miles of his or her release residence, no further referrals will be made for nearer release transfer consideration." A review of Sentry indicates that you are currently 236 miles from your release residence, which negated any further consideration for transfer.
>
> Accordingly, you Request for Administrative Remedy is denied.

ECF No. 20-1, p. 7.

Petitioner filed an appeal wherein he requested a *nunc pro tunc* review by the DSCC of his Code 308 security level reduction where his unit team allegedly approved a transfer to FPC Canaan. Petitioner claimed that a BOP staff member at Loretto intercepted the unit team transfer approval, internally denied it without submitting it to the DSCC, and told Petitioner's case manager to resubmit the paperwork for transfer across the street to FCP Loretto, all without the warden's knowledge (ECF No. 20-1, p. 8). Petitioner received the following response to his appeal, dated September 23, 2010.

> You appeal the decision of the Warden at FCl Loretto regarding the decision to transfer you from the FCI to the Satellite Camp (SCP) in September 2009. You contend the Designation and Sentence Computation Center (DSCC) was not consulted regarding this decision and the warden did not have the authority to make this determination. You request this decision be reviewed.
>
> Program Statement 5100.08, Security Designation and Custody Classification Manual states, the Warden of an institution with a Satellite Camp may transfer an inmate from the main institution to the Camp, if the inmate is assigned an appropriate security and/or custody level. This policy also permits staff to use professional judgement within specific guidelines when making classification decisions. One of the objectives of this system is to place each inmate in the lowest security level facility for which the inmate qualifies, normally within

4

> 500 miles of the inmate's release residence, while maintaining population balance throughout the Bureau. Circumstances such as security needs, inmate safety concerns and the needs of the Bureau may prevent placement of inmates as close to their residences as desired. Nearer release transfers may be considered after an inmate has served 18 consecutive months with clear conduct in a general population setting.
>
> A review of your appeal reveals you were approved for a transfer from FCI Loretto to SCP Loretto on September 24, 2009. Records indicate you were classified as a Minimum security inmate with Out custody at that time and designated to a facility commensurate with your security needs. Your present location is within 500 miles of your release address in Sherrill, New York. Based on this information, you have failed to provide any documentation to support your claim that this decision was inappropriate. Accordingly, your appeal is denied.

ECF No. 20-1, p. 9.

Petitioner filed an appeal from this decision on October 1, 2010 (ECF No. 22-1, pp. 2-3). In his appeal, he makes the same bald allegations that a Loretto staff member intercepted his paperwork for discriminatory reasons; however, he neither identifies the staff member nor proffers any reason for the alleged discriminatory treatment. Plaintiff received a final response to his appeal dated May 9, 2011.

> This is in response to your Central Office Administrative Remedy Appeal in which you request a transfer from FCI Loretto Satellite Camp (SCP) to the Canaan SCP based on your individual circumstances. You claim the Designation and Computation Center (DSCC) was not consulted regarding your transfer from FCI Loretto to SCP Loretto and state the Warden did not have the authority to make this decision. You claim your transfer was discriminatory, unlawful and invalid as it violates the 500 mile rule. FPC Marion, Illinois to be close to family members [sic].
>
> Our review reveals the Warden and Regional Director adequately responded to the issues you raised in your appeal. Contrary to your allegations, in accordance with Program Statement 5100.08, <u>Security</u>

> Designation and Custody Classification Manual, the Warden of the institution with a satellite camp may transfer an inmate from the main institution to the camp if the inmate is assigned an appropriate security and/or custody level. We do not find any merit to your allegations that the Warden did not have the authority to make the decision.
>
> The Bureau of Prisons attempts to designate inmates to facilities as close to their homes as possible commensurate with their security need. Unfortunately, due to overcrowding and individual inmate needs, this is not always possible. In an effort to effectively manage an ever increasing population, it is sometimes necessary to divert inmales farther from their homes and families than we would like.
>
> Records indicate you are appropriately designated to your current institution and within 500 miles of your release residence. While we emphasize with your family situation, we find you are appropriately designated to an institution commensurate with your security and custody needs. We concur with the responses provided, accordingly your appeal is denied.

ECF No. 22-1, p. 1).

### B. Mandamus Relief

Petitioner takes issue with the denial of his Petition for Writ of Mandamus, apparently seeking an order from this Court directing the BOP to resubmit his institutional classification which recommended his transfer to the satellite prison camp at USP Canaan, and for the DSCC to consider the resubmitted transfer recommendation in good faith. The writ of mandamus is an ancient form of common law judicial relief, a request for a court order compelling a public official to perform some legally-mandated duty. The power of federal courts to issue writs of mandamus is now defined in 28 U.S.C. § 1361, which provides as follows.

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361.

Writs of mandamus compelling government officials to take specific actions are extraordinary forms of relief that must comply with demanding legal standards. Thus, it is well-settled that the writ is a drastic remedy that is seldom issued and its use is discouraged. In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (quoting Lusardi v. Lechner, 855 F.2d 1062, 1069 (3d Cir. 1988)). There are two prerequisites to issuing a writ of mandamus. First, a petitioner must show that he has no other adequate means to attain his desired relief. Second, a petitioner must show that his right to the writ is clear and indisputable. Hinkel v. England, 349 F.3d 162, 164 (3d Cir. 2003). Mandamus is an extraordinary remedy that can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt.' Harmon Cove Condominium Ass'n, Inc. v. Marsh, 815 F.2d 949, 951 (3d Cir. 1987). It is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty. Heckler v. Ringer, 466 U.S. 602, 616 (1984); *see also* Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). Only exceptional circumstances amounting to a judicial usurpation of power will justify issuance of the writ. Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988). The party seeking mandamus has the burden of showing that its right to issuance of the writ is clear and indisputable. *Id*. Where the action petitioner seeks to compel is discretionary, petitioner has no clear right to relief and mandamus is not appropriate.

In this case, Petitioner seeks to have this court direct BOP to resubmit his institutional classification which recommended his transfer to the satellite prison camp at USP Canaan, and for the DSCC to consider the resubmitted transfer recommendation in good faith. Petitioner is not

entitled to the extraordinary remedy of a writ of mandamus because he has not shown that he has a clear right such relief.

As an initial matter, the Supreme Court has made it abundantly clear that a prisoner has no constitutional right to chose the particular correctional facility he wishes to be housed at or to be transferred to another facility upon request. Olim v. Wakinekona, 461 U.S. 238 (1983); Meachum v. Fano, 427 U.S. 215 (1976). Additionally, there is no constitutional right to receive visitation from friends or family. See Becerra v. Miner, 248 Fed. App'x 368, 370 (3d Cir. 2007) (prisoner has no "due process interest in his assignment to a particular institution, including one closer to his family"); Davis v. Carlson, 837 F.2d 1318, 1319 (5th Cir. 1988) (BOP has no duty to transfer prisoner to a facility closer to his wife's residence); Brown-Bey v. United States, 720 F.2d 467, 470 (7th Cir. 1983) (if petitioner "wants to be transferred closer to his family and friends, he fails to state a cognizable federal claim"); Moore v. United States Attorney Gen., 473 F.2d 1375, 1376 (5th Cir. 1973) (petitioner cannot seek writ of mandamus to compel the Attorney General or warden to transfer him to a facility closer to his family because such a claim is not cognizable under federal law).

Notwithstanding, the BOP must comply with federal law and its own regulations and must apply those laws nondiscriminately. Melvin v.. Petrovsky, 720 F.2d 9, 12 (8th Cir. 1983). Section 3621(b) of Title 18 of the United States Code provides the BOP with broad discretion to choose the location of an inmate's imprisonment and sets forth criteria that must be considered by the BOP in making placement determinations on a case-by-case basis. Fults v. Sanders, 442 F.3d 1088, 1090-91. Once the BOP evaluates each prisoner's case individually based on the criteria set forth in § 3621(b), the BOP has complete discretion to place a prisoner at any facility that meets the

8

appropriate standards.

The BOP has established rules and regulations to help guide its administrators in addressing prisoner placement and transfer requests. Pertinent to the case at bar is Program Statement 5100.08, entitled "Inmate Security Designation and Custody Classification," which states, in pertinent part:

> Nearer Release Transfers (Code 313). Nearer release transfers move the inmate closer to their legal residence or release destination, consistent with their security level. Inmates may be considered for a nearer release transfer only after serving 18 consecutive months of clear conduct in a general population. Nearer release transfers should be incorporated with "Lesser Security" transfers whenever possible. Once the inmate has been transferred within 500 miles of his or her release residence, no further referrals will be made for nearer release transfer consideration.

Program Statement 5100.08, Chapter 7, p. 4 (available at www.bop.gov) (ECF No. 20-1, p. 14).

Petitioner argues that the issues surrounding this case arose in 2009, when he was recommended by his Unit Team at FCI Loretto for a Code 308 Lesser Security transfer to SCP Canaan. He posits that, contrary to BOP policy, an unnamed staff member intercepted his transfer paperwork and, without the Warden's knowledge, denied the requested transfer before it was received at the DSCC. He further argues that in 2009, he had a clear right to be considered by the DSCC for a transfer to the SPC Canaan. As authority, he cites, BOP Program Statement 5100.08, Inmate Security Designation and Custody Classification, Chapter 7, p. 3, § 1(a). As Respondent points out, however, Petitioner's argument overlooks the section in Program Statement 5100.08 which governs transfers to satellite camps. This section provides, in relevant part: the Warden of an institution with a satellite camp may transfer an inmate from the main institution to the camp if the inmate is assigned an appropriate security and/or custody level. *See* Program Statement 5100.08, at Chapter 7, p. 8, § 10.

Here, after Petitioner's lesser security transfer request was approved on September 24, 2009, he was approved for a lesser security transfer from FCI Loretto to the satellite prison camp at Loretto and on September 25, 2009, he was designated to the satellite prison camp at FCI Loretto. Although his unit team recommended a transfer to the Camp at Canaan, the Warden placed him in the prison camp where he currently was located at Loretto. Thereafter, Petitioner requested a nearer-release transfer (Code 313), which was denied by the DSCC on January 5, 2010 because he was incarcerated at an institution within 500 miles of his release residence.

Petitioner argues that, contrary to BOP policy, an unnamed staff member intercepted his Code 313 transfer paperwork and, without the Warden's knowledge, denied the requested transfer before it was received at the DSCC. Although Petitioner alleges the processing of his transfer paperwork was not done in good faith, he has offered no evidence of a lack of good faith. More importantly, he has failed to establish that his transfer to SCP Loretto, as opposed to SCP Canaan, was determined in violation of BOP policy.

Vague, generalized accusations of discrimination without the establishment of facts from which at least an inference of discrimination might be possible are insufficient to entitle Petitioner to relief on his petition. In placing Petitioner, the BOP properly evaluated him taking into consideration his security classification, safety concerns, and inmate population issues, and determined that placement at FPC Loretto was appropriate and in compliance with its own program statements. The court finds no evidence of discrimination in the BOP's treatment of Petitioner. Because there is no constitutional right to transfer and because the BOP has not applied its program directives in an illegal or discriminatory way, there is simply no federal issue here to warrant the court's intervention. Petitioner is well within 500 miles of his release residence. While it is

unfortunate that his parents have medical issues that preclude their frequent visitation, Petitioner would have been well advised to have thought more about their welfare at the time he committed the crimes for which he is now serving. Therefore, because Petitioner has failed to establish a clear and indisputable right to the requested relief, the Petition for writ of mandamus correctly was denied. Accordingly, his Motion to Alter or Amend the Judgment will be denied. An appropriate order follows.

## ORDER

**AND NOW**, this 26th day of May, 2011;

**IT IS HEREBY ORDERED** that the Motion to Alter or Amend the Court's March 3, 2011 Opinion and Order, Relating to the Writ of Mandamus Petition (ECF No. 19) is **DENIED.**

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

Lisa Pupo Lenihan
United States Magistrate Judge

cc: Patrick Bennett
38551-054
F.C.I. Loretto
P.O. Box 1000
Loretto, PA 15940